### WESTWOOD LAKE, Inc. v. METROPOLITAN DADE COUNTY WATER AND SEWER BOARD, et al.

No. 68-14326.

Circuit Court, Dade County.

February 11, 1970.

Patton, Kanner, Tietig & Segal, Miami, for the plaintiff.

Thomas C. Britton, County Attorney, John G. Fletcher, Assistant County Attorney, for the defendants.

Nicholson, Howard, Brawner & Lovett, Miami, amicus curiae.

THOMAS E. LEE, Jr., Circuit Judge.

This cause came on to be heard on the defendants' motion for judgment on the pleadings, and the court being fully advised in the premises, it is ordered that the motion is granted and final judgment is entered for the defendants as follows —

Plaintiff, Westwood Lake, Inc., a public utility furnishing water and sewer services within Dade County brought this suit for declaratory decree and injunctive relief against Dade County, the Metropolitan Dade County Water and Sewer Board, and the individuals comprising the water and sewer board. The issues are —

1. Whether the constitutions of the United States and the state of Florida require that the "fair value" theory of rate making be followed by all utility regulating bodies, or whether a legislative body may provide for the application of the investment basis of rate-making.

2. Whether the plaintiff is denied the equal protection of the law because it is not regulated in the same manner as utilities in the jurisdiction of regulatory bodies other than the defendant water and sewer board.

3. Whether chapter 32, Code of Metropolitan Dade County, is so ambiguous that it must fall as unconstitutional because it does not clearly set forth whether the "fair value" method or "investment" method of ratemaking is to be followed by the defendant water and sewer board in fixing rates.

4. Whether the water and sewer board can exclude contributions donated to the utility prior to the enactment of the ordinance, or whether this is an unconstitutional deprivation of property without due process.

In regard to the first issue, plaintiff contends that the disallowance of a return on property contributed to the utility by its customers is unconstitutional. Plaintiff relies on the United States Supreme Court decision of Smyth v. Ames, 42 L.Ed. 819 (1898), in support of its position. Both amicus curiae and defendants contend that *Smyth* does not so state. This court agrees with its amicus and defendants that *Smyth* does not stand for the proposition that contributed property cannot be excluded from a utility's rate base.

While the court finds no decision directly on point upholding the constitutionality of excluding contributions, it finds it reasonable and logical to do so. The customers have contributed certain assets, at no cost to the utility. To require a return on these contributions would be to require the customers to pay twice for the same asset. This court finds that it is within the power of the legislative body, here Dade County, to provide for the "investment" basis of ratemaking, as a reasonable exercise of the police power.

Concerning the second issue, the exact question has been answered, by the Florida Supreme Court, to the contrary of plaintiff's position. Florida Power Corp. v. Pinellas Utility Board, 40 So.2d 350 (Fla. 1949).

The third issue must also be resolved against plaintiff, on several grounds. The ordinance (chapter 32, Code of Metropolitan Dade County), is not ambiguous. The rate-making section clearly provides for the investment theory to be applied. It reads (exhibit A to complaint) —

Sec. 32-65. *Board shall fix just and reasonable rates.*

(c) *Investment basis of fixing rates.* In fixing and determining just and reasonable rates and charges the board shall investigate and determine the actual and legitimate costs of the property of each public utility, actually used and useful or having present value for future use in the public service, which costs as determined by the board shall be utilized for rate-making purposes . . .

The final contention of plaintiff is that the water and sewer board cannot exclude from rate base the contributions in aid of construction donated to them prior to the board's existence, as this would be an unconstitutional deprivation of property without due process. This position is erroneous. All activities such as those carried on by plaintiff in the supplying of water and sewer services are peculiarly subject to the exercise of the police power. As stated in Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So.2d 356, cert. denied 325 U.S. 867, at 20 So.2d, page 361 —

It is established law that the inhibitions of the Constitution of the United States upon the impairment of the obligations of contracts, or the deprivation of property without due process, or the equal protection of the law by the States are not violated by the legitimate exercise of legislative power in securing the health, safety, morals and general welfare. The governmental powers cannot be contracted away, nor the exercise of rights granted, nor the use of the property, be withdrawn from the implied liability to governmental regulations. The right to exercise the police power is a continuing one.

It is therefore ordered, adjudged, declared and decreed as follows —

The "investment" method of rate-making is not violative of the constitutions of the United States and the State of Florida.

The plaintiff is not denied the equal protection of the law because it is regulated in a manner differing from the regulation of utilities in other jurisdictions.

Chapter 32, Code of Metropolitan Dade County, is not ambiguous as to whether the "fair value" or "investment" method of rate-making is to be used by the defendant water and sewer board. It clearly and unequivocally requires the use of the "investment" method.

The police power, as exercised through chapter 32, Code of Metropolitan Dade County, authorizes and requires the water and sewer board to exclude contributions from the rate base, including those contributions donated prior to the board's existence, and such is not an unconstitutional deprivation of property without due process.

The court reserves jurisdiction for the taxing of costs herein.